# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50446
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

MICHAEL MARTINEZ,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-234-6

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael Martinez appeals his 360-month sentence from a guilty-plea conviction for conspiracy to possess, with intent to distribute, one kilogram or more of heroin. Martinez was held accountable at sentencing for distribution of ten to 30 kilograms of heroin, and had an advisory Guideline-sentencing range of 360 months to life.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50446

Martinez maintains the court clearly erred in its drug-quantity calculation. Specifically, he contends, as he did before the district court, that the evidence shows he distributed only 593.6 grams of heroin, rather than the ten to 30 kilograms attributed to the other lead conspirators. Based on the 593.6-gram calculation, Martinez contends his total offense level should be 30, instead of 36, resulting in an advisory range of 155 to 188 months' imprisonment.

Under the sentencing regime in place after *United States v. Booker*, 543 U.S. 220 (2005), a "sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence". *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir. 2006) (citation and internal quotation marks omitted). The district court may rely on any relevant evidence which has sufficient indicia of reliability. *United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009). A district court's findings of fact for sentencing purposes, including a district court's drug-quantity determination, are reviewed only for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

At sentencing, the court found "from [the] overwhelming preponderance of the evidence" that the amount of drugs involved in the conspiracy was more than ten kilograms of heroin. In that regard, Martinez is responsible for "all foreseeable acts" in furtherance of the drug conspiracy. *See* U.S.S.G. §1B1.3(a)(1)(B) (reasonably foreseeable acts of coconspirators are factors that determine Guideline range). But, Martinez does not challenge the district court's "foreseeability" determination; therefore, he has failed to show the court clearly erred in holding him accountable for ten to 30 kilograms of heroin under §1B1.3(a)(1)(B). *See, e.g.*, *United States v. Solis*, 299 F.3d 420, 447, 461-62 (5th

No. 13-50446

Cir. 2002) ("Distribution and possession with intent to distribute offenses are reasonably foreseeable acts in furtherance of a conspiracy to distribute drugs.") (citations omitted).

AFFIRMED.